**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of _____ Virginia _____
_____ District of _____(State)_____

Case number (*if known*): _____ Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Guitar Center Gift Card Company, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   2  6  _  4  4  6  3  3  7  0

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 4701 Cox Road, Ste 285 | 5795 Lindero Canyon Road |
   | Number     Street | Number     Street |
   | | P.O. Box |
   | Glen Allen     VA     23060 | Westlake Village     CA     91362 |
   | City     State     ZIP Code | City     State     ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Henrico | |
   | County | Number     Street |
   | | |
   | | City     State     ZIP Code |

5. **Debtor's website** (URL)

   www.guitarcenter.com

| Debtor | Guitar Center Gift Card Company, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .

   <u>4</u>   <u>5</u>   <u>1</u>   <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Guitar Center Gift Card Company, LLC | Case number (if known) _____ |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  See Rider 1    Relationship  Affiliate

District  Eastern District of Virginia    When  Date Hereof
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

| Debtor | Guitar Center Gift Card Company, LLC | Case number (if known) |
|---|---|---|
| | Name | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☑ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

(on a consolidated basis, based on net book value as of 10/3/20)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

(on a consolidated basis, based on net book value as of 10/3/20)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 21 / 2020
MM / DD / YYYY

✗ /s/ Tim Martin
Signature of authorized representative of debtor

Tim Martin
Printed name

Title  Authorized Signatory

---

| Debtor | Guitar Center Gift Card Company, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ Tyler P. Brown

Signature of attorney for debtor

Date  11  / 21 / 2020

MM  / DD / YYYY

Tyler P. Brown

Printed name

Hunton Andrews Kurth LLP

Firm name

951            East Byrd Street

Number        Street

Richmond                                          VA            23219

City                                              State          ZIP Code

804-788-8200                                      tpbrown@huntonak.com

Contact phone                                     Email address

28072                                             Virginia

Bar number                                        State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, the Debtor and each of its affiliated entities listed below (collectively, the "Debtors"), filed petitions in the United States Bankruptcy Court for the Eastern District of Virginia (this "Court") for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of the cases of each of the Debtors under the case number assigned to the chapter 11 case of Guitar Center, Inc.

- Guitar Center Holdings, Inc.
- Guitar Center, Inc.
- Guitar Center Stores, Inc.
- GTRC Services, Inc.
- GC Business Solutions, Inc.
- Music & Arts Instructor Services, LLC
- AVDG, LLC

| **Fill in this information to identify the case:** |
|---|
| Debtor Name:   Guitar Center Gift Card Company, LLC_____ |
| United States Bankruptcy Court for the Eastern District of Virginia_____ |
|                                            (State) |
| Case Number (*If known*) :_____ |

☐ Check if this is an
amended filing

## Offical Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Vendor Name | Name, telephone number, and email address of creditor contact | Nature of the Claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured Claim |
| 1 | Wilmington Savings Fund Society FSB | Patrick J. Healy<br>PHealy@wsfsbank.com<br>3028887420<br>500 Delaware<br>Wilmington, DE 19801<br> Patrick Healy: PHealy@wsfsbank.com<br>Jose Verdejo: JVerdejo@wsfsbank.com<br>Geoffrey Lewis: GLewis@wsfsbank.com<br>Andrew Silverstein: silversteina@sewkis.com<br>John Ashmead: ashmead@sewkis.com | NOTE PAYABLE | | | | 379,306,000 |
| 2 | Yamaha Music Corporation | Tom Sumner<br>tsumner@yamaha.com<br>7142353270<br>PO BOX 100348.<br>PASADENA, CA 91189-0348 | MERCHANDISE | | | | 13,098,680 |
| 3 | Fender Corp | Tammy VanDonk<br>tvandonk@fender.com<br>4804311118<br>P.O. BOX 743545<br>LOS ANGELES, CA 90074-3545 | MERCHANDISE | | | | 10,683,035 |
| 4 | Ningbo Tonwel Audio Equipments Co. Ltd | Yan Jun<br>yanjun@tonwel.com<br>8613906686923<br>NO. 60 RENMING MIDROAD JIANGSHAN TOWN<br>NINGBO, CHN 315191 | MERCHANDISE | | | | 6,671,432 |
| 5 | The Bank Of New York Mellon Trust Company, N.A. | Raymond Torres<br>(213) 630-6175<br>Raymond.Torres@bnymellon.com<br>2 N. LASALLE STREET<br>SUITE 700<br>CHICAGO, IL 60602<br>David Kerr: david.m.kerr@bnymellon.com<br>Larry Kusch: lawrence.kusch@bnymellon.com<br>Liz Taraila: ETaraila@EMMETMARVIN.COM<br>Edward Zujkowski: EZUJKOWSKI@EMMETMARVIN.COM | NOTE PAYABLE | | | | 5,782,000 |
| 6 | Gibson Guitar Corp | Tom Gordon<br>tgordon@gibson.com<br>8059075895<br>P.O. BOX 936739<br>ATLANTA, GA 31193-6739 | MERCHANDISE | | | | 5,044,945 |
| 7 | Reliance Musical Ltd | Jerry Chen<br>JerryChen@reliancemusical.com<br>886227368151<br>P.O. BOX 96-140, TAIPEI 106-3RD FL<br>NO. 175 SEC. 2, AN HO RD.<br>TAIWAN, TW | MERCHANDISE | | | | 4,534,067 |
| 8 | Nektar Technology Inc | Zhao Ping<br>zhaopingringway@gmail.com<br>8188243388<br>655 N. CENTRAL AVE, 17TH FLOOR<br>GLENDALE, CA 91203 | MERCHANDISE | | | | 3,745,180 |

1 The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.
2 The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Guitar Center Gift Card Company, LLC _____

Name

Case Number (if known) 20-____ ( )

| | Vendor Name | Name, telephone number, and email address of creditor contact | Nature of the Claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured Claim |
| 9 | Alphatheta Music Americas Inc | Matt Pekmezian<br>matthew.pekmezian@pioneerdj.com<br>7148518093<br>2050 W 190TH ST #109<br>TORRANCE, CA 90504 | MERCHANDISE | | | | 2,841,982 |
| 10 | Roland Corp US | Tony Price<br>tony.price@roland.com<br>4803133781<br>ATTN: ACCOUNTS RECEIVABLE<br>P.O. BOX 512959<br>LOS ANGELES, CA 90051-0959 | MERCHANDISE | | | | 2,655,000 |
| 11 | Cf Martin & Co | Mitchell Nollman<br>mnollman@martinguitar.com<br>5089512780<br>436 SHARON DR<br>ROCHESTER, NY 14626-1951 | MERCHANDISE | | | | 2,564,249 |
| 12 | Bosch Security Systems Inc | Tom Hansen<br>Thomas.Hansen@us.bosch.com<br>9528875567<br>33902 TREASURY CENTER<br>CHICAGO, IL 60694-3900 | MERCHANDISE | | | | 2,409,104 |
| 13 | Inmusic Brands Inc | Pat Sullivan<br>pat@inmusicbrands.com<br>4016583131<br>P.O. BOX 414040<br>BOSTON, MA 02241-4040 | MERCHANDISE | | | | 2,407,387 |
| 14 | Google Inc | Brian Crocker<br>bcrocker@google.com<br>3104604086<br>5626 PONDEROSA DR<br>COLUMBUS, OH 43231-3151 | MARKETING | | | | 2,065,834 |
| 15 | Taylor Guitars | Keith Brawley<br>keith.brawley@taylorguitars.com<br>6197298370<br>P.O. BOX 848999<br>LOS ANGELES, CA 90084-8999 | MERCHANDISE | | | | 2,023,377 |
| 16 | Ernie Ball | Brian Ball<br>brian@ernieball.com<br>7604490928<br>P.O. BOX 877.<br>COACHELLA, CA 92236 | MERCHANDISE | | | | 1,740,066 |
| 17 | Khs America | Jerry Goldenson<br>jerry.goldenson@khsmusic.com<br>6155061730<br>12020 EASTGATE BLVD<br>MT JULIET, TN 37122 | MERCHANDISE | | | | 1,699,734 |
| 18 | Marigold Enterprises Ltd | Florance Chan<br>FLORANCE@MARIGOLD.COM.HK<br>85292888393<br>ROOM 713-4, TOWER A, HUNG HOM COMM. CTR.<br>39 MA TAU WAI RD<br>HUNG HOM, -- HONGKONG | MERCHANDISE | | | | 1,598,642 |
| 19 | Korg Usa | Joe Castronovo<br>joec@korgusa.com<br>5162339716<br>PO BOX 9675<br>UNIONDALE, NY 11555-9675 | MERCHANDISE | | | | 1,534,703 |
| 20 | Dunlop Manufacturing | Jimi Dunlop<br>reachjimi@me.com<br>7073309463<br>ATTN: ACCT. REC.<br>P O BOX 846<br>BENICIA, CA 94510 | MERCHANDISE | | | | 1,463,913 |
| 21 | Shure Incorporated | Abby Kaplan<br>Kaplan_Abby@shure.com<br>8475337621<br>P.O.BOX 99265<br>CHICAGO, IL 60693 | MERCHANDISE | | | | 1,376,117 |
| 22 | Drum Workshop Inc | Jim DeStefano<br>jimd@dwdrums.com<br>8056510099<br>ATTN: ACCOUNTS RECEIVABLE<br>3450 LUNAR CT.<br>OXNARD, CA 93030 | MERCHANDISE | | | | 1,350,145 |
| 23 | D'Addario & Company Inc | John D'Addario<br>jd3@daddario.com<br>5162366372<br>P.O. BOX 27910<br>NEW YORK, NY 10087-7910 | MERCHANDISE | | | | 1,329,411 |

Guitar Center Gift Card Company, LLC

Name

Case Number (if known) 20-_____ (  )

| Vendor Name | Name, telephone number, and email address of creditor contact | Nature of the Claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured Claim |
| 24 Jbl Professional | Mike Schoen<br>Mike.Schoen@harman.com<br>8188953350<br>PO BOX 4438<br>CHURCH STREET STATION<br>NEW YORK, NY 10261-4438 | MERCHANDISE | | | | 1,133,617 |
| 25 S&H - Hzsamko Technologies Coltd | Steve Shi<br>hzsamko@gmail.com<br>NO. 8 JIAQI ROAD<br>XIANLIN TOWN<br>YUHANG DISTRICT<br>HANGZHOU, CHN 311122 | MERCHANDISE | | | | 1,108,568 |
| 26 Dragon Audio Industrial Limited | Ricardo Gong<br>riccardogong@yahoo.com<br>6F, BUILDING 6TH, HONGFA HI-TECH INDUSTRIAL PARK<br>NO.1152 NANHUAN AVENUE, GUANGMING DISTRICT<br>SHENZHEN CHN 518132 | MERCHANDISE | | | | 1,056,732 |
| 27 Schecter Guitar Research | Michael Ciravolo<br>michael@schecterguitars.com<br>8187315760<br>10953 PENDLETON ST<br>SUN VALLEY, CA 91352 | MERCHANDISE | | | | 1,033,379 |
| 28 Ace Products Group | Alan Poster<br>APosterACE@aol.com<br>9167997389<br>3920 CYPRESS DR, SUITE B<br>PETALUMA, CA 94954 | MERCHANDISE | | | | 1,032,616 |
| 29 Guangzhou Bourgade Musical Instruments | Jocelin Zhoung<br>JOCELIN@BAOJIAMUSIC.COM<br>17/F N TOWER SUNTEC PLAZA #197<br>GUANGZHOU DADAO AV. N. DONGSHAN DIST.<br>GUANGZHOU CHN 510075 | MERCHANDISE | | | | 1,014,044 |
| 30 Yamaha Guitar Group | Steve Bartkoski<br>sbartkoski@line6.com<br>6263539459<br>DBA LINE 6 INC.<br>P.O. BOX 847028<br>LOS ANGELES, CA 90084 | MERCHANDISE | | | | 913,103 |

DocuSign Envelope ID: 9F6F121F-8696-4BD6-9DA4-1C06C33C1A8F

**OMNIBUS UNANIMOUS WRITTEN CONSENT**
**OF THE BOARDS OF DIRECTORS AND SOLE MEMBERS**

**November 19, 2020**

The undersigned, being all of the members of the boards of directors or the sole member (each, a "Governing Body"), as applicable, of each of the entities listed on Annex I (each, a "Company" and, collectively, the "Companies"), acting pursuant to the applicable organizational documents of the Companies, approve and adopt the following resolutions:

## I.   Chapter 11 Filing

WHEREAS, reference is made to the Restructuring Support Agreement, dated as of November 13, 2020 (the "Restructuring Support Agreement"), previously approved by the Governing Bodies, by and among the Companies and the Support Parties (as defined in the Restructuring Support Agreement) pursuant to which the Companies and Support Parties agreed to consummate certain restructuring and recapitalization transactions with respect to the Companies' capital structure (the "Restructuring Transactions"); and

WHEREAS, in connection with the consummation of the Restructuring Transactions, the Governing Body of each Company deems it is advisable and in the best interests of such Company, after considering the interests of its creditors and other parties in interest, that such Company file a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Eastern District of Virginia (the "Bankruptcy Court") and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

NOW, THEREFORE, BE IT RESOLVED, that each Company shall be, and is, in all respects, authorized to file, or cause to be filed, the Chapter 11 Case in the Bankruptcy Court and/or file or cause to be filed any other petition for relief or recognition or other order in connection with the Restructuring Transactions;

FURTHER RESOLVED, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business;

FURTHER RESOLVED, that each of the Companies is authorized to pay, or cause to be paid, all fees and expenses incurred in connection with the Restructuring Transactions, including, but not limited to, the Chapter 11 Case and the transactions contemplated thereby, and all fees and expenses appropriate in order to effectuate the purposes and intent of the Restructuring Transactions, the Chapter 11 Case and these resolutions; and

FURTHER RESOLVED, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they are, authorized, empowered and directed, in the name and on behalf of each Company, to take all action to notify, or to obtain any authorizations, consents, waivers or approvals of, any third party that such Authorized Signatory deems necessary, appropriate or advisable in order to carry out the Restructuring Transactions, including, but not limited to, the terms and provisions of the Restructuring Support Agreement, the Chapter 11 Case and the transactions contemplated by the Restructuring Support Agreement and the Chapter 11 Case.

## II.    Debtor-In-Possession Financing, Use of Cash Collateral and Adequate Protection

WHEREAS, each Governing Body has been presented with (i) a draft of the Senior Secured Super-Priority Priming Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "Term DIP Credit Agreement"), to be entered into among Guitar Center, Inc., a Delaware corporation ("Borrower"), the facility guarantors party thereto, the lenders party thereto (the "Term DIP Lenders") and Delaware Trust Company, as administrative agent and collateral agent (the "Term DIP Agent"), and (ii) a draft of the Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "ABL DIP Credit Agreement", and together with the Term DIP Credit Agreement, the "DIP Credit Agreements"), to be entered into among Borrower, the facility guarantors party thereto, the lenders party thereto (the "ABL DIP Lenders", and together with the Term DIP Lender, the DIP Lenders") and Wells Fargo, National Association, as the administrative agent and the collateral agent (the "ABL DIP Agent", and together with the Term DIP Agent, the "Agents");

WHEREAS, the obligation of the DIP Lenders to make certain extensions of credit is subject to the Borrower and each other facility guarantor having satisfied certain conditions described in the DIP Credit Agreements;

WHEREAS, Management and the Advisors have negotiated the terms of the DIP Credit Agreements, the key terms of which have been discussed with each Governing Body; and

WHEREAS, each Governing Body has determined that the transactions contemplated by the DIP Credit Agreements are in the best interest of each Company and that it is in the best interest of such Company to (i) execute and deliver the DIP Credit Agreements and any other document or agreement to which it is contemplated to become a party pursuant to the DIP Credit Agreements and the DIP Loan Documents (as defined below) and (ii) authorize the Authorized Signatories of the each such Company to take any and all actions as any such Authorized Signatory may deem appropriate to effect the transactions contemplated by the DIP Credit Agreements.

NOW, THEREFORE, BE IT RESOLVED, that in order to use and obtain the benefits of (a) the DIP Documents and (b) the cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral") and in accordance with section 363 of the Bankruptcy Code, each Company will grant certain liens and claims, and provide Adequate Protection (as defined in the DIP Facility Term Sheet, the "Adequate Protection Obligations") to certain secured parties and to the DIP Lenders to secured the obligations of the Companies under the DIP Credit Agreements (collectively, the "DIP Obligations") as documented in a proposed order in interim and final form (together, the "DIP Orders") and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that each Company, as a debtor and a debtor in possession under the Bankruptcy Code be, and is, authorized to incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Loan Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

FURTHER RESOLVED, that the form, terms and provisions of the DIP Credit Agreements, the DIP Orders, and the form, terms and provisions of each of the instruments and documents listed below to which each Company is or will be a party (collectively with the DIP Credit Agreements and the DIP Orders, the "DIP Loan Documents"), be, and hereby are, in all respects approved; and further resolved, that each Company's performance of its DIP Obligations under the DIP Credit Agreements and the other DIP Loan Documents, including the borrowings thereunder, the guaranteeing of the obligations of the other

Companies and the grant of a security interest in the assets of such Company, if applicable, be, and hereby are, in all respects, approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby is, authorized and empowered to execute, negotiate and deliver (including by facsimile, electronic, or comparable method) the DIP Credit Agreements, the DIP Orders, each of the other DIP Loan Documents, and each of the instruments and documents contemplated thereby, in the name and on behalf of such Company, on behalf of itself or its subsidiaries, as applicable, under its corporate seal or otherwise, with such changes therein as shall be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Governing Body of each Company:

(a)    the DIP Credit Agreements;

(b)    the Security Agreements; and

(c)    such other documents, instruments, certificates, petitions, motions and other papers as may be reasonably requested by the Agents, required by the DIP Orders or contemplated by the DIP Credit Agreements or any other DIP Loan Document;

FURTHER RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including Cash Collateral, which is security for the secured parties under the ABL DIP Credit Agreement, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreements and other DIP Loan Documents or arising from each DIP Order, which are necessary and convenient to the conduct, promotion and attainment of the business of such Company;

FURTHER RESOLVED, that the granting of security interests by each applicable Company in all property now or hereafter owned by such Company as contemplated by the DIP Credit Agreements, the DIP Orders, the other DIP Loan Documents and any other agreements, documents or filings that the Agents determine are necessary, appropriate, or desirable pursuant to the terms of the DIP Loan Documents be, and are, in all respects, authorized and approved;

FURTHER RESOLVED, that each of the Authorized Signatories of the Companies is authorized and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders;

FURTHER RESOLVED, that the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and each of them is, authorized, directed, and empowered in the name and on behalf of each applicable Company, as debtors and debtors in possession, to guarantee the DIP Obligations under the DIP Credit Agreements, the DIP Orders and the other DIP Loan Documents on behalf of itself or on behalf of its subsidiaries, as applicable, to assign, transfer, pledge, and grant, or to continue to assign, transfer, pledge, and grant, to the Agents, for the ratable benefit of the respective or applicable Secured Parties, a security interest in all or substantially all the assets of each Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations

3

under the DIP Credit Agreements, the DIP Orders, and the other DIP Loan Documents to which each Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each such Company to create, perfect and maintain a security interest in each of its respective property or assets constituting Collateral as described or contemplated in the DIP Loan Documents;

FURTHER RESOLVED, that each of the Authorized Signatories be, and is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, instruments, certificates, or documents relating to the transactions contemplated by the DIP Credit Agreements, the DIP Orders or any of the DIP Loan Documents and to execute and deliver all such supplemental agreements, instruments, certificates, or documents in the name and on behalf of such Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper, or advisable in order to perform such Company's DIP Obligations under or in connection with the DIP Credit Agreements, the DIP Orders, or any of the DIP Loan Documents and the transactions contemplated by the DIP Loan Documents, and to carry out fully the intent of the foregoing resolutions, in such form and with such terms as shall be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof;

FURTHER RESOLVED, that each of the Authorized Signatories be, and is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreements, the DIP Orders, or any of the DIP Loan Documents that shall, in their sole judgment, be necessary, proper, or advisable, in such form and with such terms as shall be approved by the Authorized Signatory executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof;

FURTHER RESOLVED, that for all transactions authorized above, the Authorized Signatories are authorized to open an account or accounts with such third parties as they deem necessary or desirable for the purpose of engaging in such transactions, and the other party to such transactions is authorized to act upon any verbal or written orders and instructions from the Authorized Signatories in connection with such accounts and transactions;

FURTHER RESOLVED, that each of the Authorized Signatories of each Company be, and is, authorized and empowered to take all actions or to not take any action in the name of any Company with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, general partner, sole member, member, managing member, sole manager, manager, or director of each applicable subsidiary of any such Company, if any, whether existing now or in the future, in each case, as such Authorized Signatory shall deem necessary or desirable, including, without limitation, the authorization of resolutions and agreements necessary to authorize the execution, delivery, and performance pursuant to the DIP Loan Documents (including, without limitation, certificates, affidavits, financing statements, notices, reaffirmations, and amendments and restatements thereof or relating thereto) as may be necessary, appropriate, or convenient to effectuate the purposes of the transactions contemplated in this written consent. The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Signatories of such Company pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by such Company in every respect;

FURTHER RESOLVED, that all acts and actions taken by the Authorized Signatories prior to the date of this written consent with respect to the transactions contemplated by the DIP Credit Agreements, the DIP Orders or any of the DIP Loan Documents be, and are, in all respects confirmed, approved, and ratified;

FURTHER RESOLVED, that the signature of any Authorized Signatory of such Company shall be conclusive evidence of the authority of such Authorized Signatory to execute and deliver the documents to which such Company is a party. The authority granted in this written consent shall apply with equal force and effect to any successors-in-office of the Authorized Signatories identified in this written consent; and

FURTHER RESOLVED, that all capitalized terms used in the resolutions under this "**Section II Debtor-In-Possession Financing, Use of Cash Collateral and Adequate Protection**" and not otherwise defined in this written consent shall have the meanings given to such terms in the DIP Credit Agreements, as applicable.

## III.      Retention of Professionals.

NOW, THEREFORE, BE IT RESOLVED that each of the Authorized Signatories be, and they are, authorized and directed to employ the following professionals on behalf of each such Company: (i) the law firm of Milbank LLP, as general bankruptcy counsel, (ii) the law firm of Hunton Andrews Kurth LLP, as local bankruptcy counsel, (iii) Houlihan Lokey, Inc., as restructuring advisor, (iv) Berkeley Research Group, LLC, as operational and financial advisor, (v) Prime Clerk LLC, as notice and claims agent, (vi) UBS Securities LLC, as sole and exclusive lead underwriter, placement agent or initial purchaser and bookrunner with respect to the expected issuance of new senior secured notes in the Restructuring Transactions, (vii) Lyons, Benenson & Company Inc., as compensation consultant and advisor, and (viii) any other legal counsels, accountants, financial advisors, restructuring advisors or other professionals the Authorized Signatories deem necessary, appropriate or advisable; each to represent and assist each such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law (including, but not limited to, the law firms filing any pleadings and responses); and in connection therewith, each of the Authorized Signatories be, and is authorized, empowered and directed, in accordance with the terms and conditions of these resolutions, to execute appropriate retention agreements and to cause to be filed appropriate applications for authority to reach such services; and

FURTHER RESOLVED, that all acts and deeds previously performed by any of the officers of the Authorized Signatories, as may be applicable, prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are ratified, confirmed and approved in all respects as the authorized acts and deeds of the Authorized Signatories, as the case may be.

## IV.      General

NOW, THEREFORE, BE IT RESOLVED, that in addition to the specific authorizations conferred upon the Authorized Signatories by the foregoing resolutions, each of the Authorized Signatories (and their designees and delegates) be, and they are, authorized and empowered, in the name of and on behalf of each such Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted in this consent;

FURTHER RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each such Company, or waive any right to have received such notice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each such Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of

these resolutions, are in all respects approved and ratified as the true acts and deeds of each such Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each such Governing Body; and

FURTHER RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be and is authorized and empowered to take all actions or to not take any action in the name of each such Company with respect to the transactions contemplated by the foregoing resolutions, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated in this consent.

[The remainder of this page has been intentionally left blank.]

      IN WITNESS WHEREOF, each of the undersigned has executed this consent as of the date first written above.

**GUITAR CENTER HOLDINGS, INC.**
**GUITAR CENTER, INC.**

Norman Axelrod

Kurt Cellar

Gabriel Dalporto

Ron Japinga

David Kaplan

Michael Nawrot

David Ricanati

Anthony Truesdale

Abraham Zilkha

**GUITAR CENTER STORES, INC.**
**GTRC SERVICES, INC.**

DocuSigned by:

*Ron Japinga*

C094CC7A36624CB...

Ronald Japinga

DocuSigned by:

*Tim Martin*

21533CF0EBA47E...

Timothy Martin

DocuSigned by:

*Michael Pendleton*

FE8D9418DB4F455...

Michael Pendleton

DocuSign Envelope ID: 9F6F121F-8696-4BD6-9DA4-1C06C32C1A8F

**GC BUSINESS SOLUTIONS, INC.**

Ryan Kritscher

Ryan Kritscher

Tim Martin

Timothy Martin

Michael Pendleton

Michael Pendleton

**AVDG, LLC**, by its sole member, GC Business Solutions, Inc.

By:      *Michael Pendleton*
Name:    Michael Pendleton
Title:   General Counsel and Secretary

DocuSign Envelope ID: 9F6F121F-8696-4BD6-9DA4-1C06C32C1A8F

**GUITAR CENTER GIFT CARD COMPANY, LLC,**
**MUSIC & ARTS INSTRUCTOR SERVICES, LLC,**

by its sole member, Guitar Center Stores, Inc.

By:     *Michael Pendleton*
Name:    Michael Pendleton
Title:    General Counsel and Secretary

**ANNEX I**

1. GUITAR CENTER HOLDINGS, INC.

2. GUITAR CENTER, INC.

3. GUITAR CENTER STORES, INC.

4. GTRC SERVICES, INC.

5. GC BUSINESS SOLUTIONS, INC.

6. AVDG, LLC

7. GUITAR CENTER GIFT CARD COMPANY, LLC

8. MUSIC & ARTS INSTRUCTOR SERVICES, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER GIFT CARD COMPANY, LLC, | ) | Case No. 20- _____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| Equity Holders (Type of Holding) | Address of Equity Holder | Class / Kind of Interest | Percentage of Equity Held |
|---|---|---|---|
| Guitar Center Stores, Inc. | 5795 Lindero Canyon Rd., Westlake Village, CA 91362 | Common Stock | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER GIFT CARD COMPANY, LLC, | ) | Case No. 20- _____ (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the equity interests of the Debtor and its affiliated debtors (collectively, the "<u>Debtors</u>"):

Guitar Center Holdings, Inc. is the direct or indirect parent of each of the other Debtors. Ares PE Extended Value Fund LP owns 97.5% of the interests[1] in Guitar Center Holdings, Inc.

Guitar Center Holdings, Inc. holds 100% of the interests in Guitar Center, Inc.

Guitar Center, Inc. holds 100% of the interests in each of Guitar Center Stores, Inc., GTRC Services, Inc., and GC Business Solutions, Inc.

Guitar Center Stores, Inc. holds 100% of the interests in each of Guitar Center Gift Card Company, LLC and Music & Arts Instructor Services, LLC.

GC Business Solutions, Inc. holds 100% of the interests in AVDG, LLC.

---

[1]    Without giving effect to issued and outstanding warrants and options.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Guitar Center Gift Card Company, LLC___

United States Bankruptcy Court for the: ___Eastern___ District of ___Virginia___
                                                                        (State)

Case number (*If known*): _____

**Official Form 202**

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a
declaration_____List of Equity Security Holders and Corporate Ownership Statement._____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11 / 21 / 2020___          ✘ ___/s/ Tim Martin___
       MM / DD / YYYY          Signature of individual signing on behalf of debtor

                     ___Tim Martin___
                     Printed name

                     ___Authorized Signatory___
                     Position or relationship to debtor